## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN BELLEFLEUR,

      Plaintiff,                         Case No. 11-13155

v.                                 Hon. Gerald E. Rosen

THE HAYMAN COMPANY, THE HAYMAN
COMPANY DISABILITY PLAN(S), and the
ADMINISTRATOR AND FIDUCIARIES OF THE
HAYMAN COMPANY DISABILITY PLAN(S),

      Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ July 17, 2013 _____

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

## I.  INTRODUCTION

In an opinion and order and accompanying judgment dated January 14, 2013, the

Court denied without prejudice Plaintiff John Bellefleur's motion for summary judgment

and remanded this case to the claims administrator for the Defendant disability plan for a

determination whether Plaintiff is entitled to short- and long-term disability benefits as an

employee of the Defendant corporation, The Hayman Company.  Through the present

motion filed on February 8, 2013, Plaintiff now seeks an award of attorney fees and costs

under a provision of the federal Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq.,* that authorizes the Court "in its discretion" to award

"a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

For the reasons stated below, the Court exercises this statutory discretion to award

attorney fees and costs to Plaintiff, but declines to award the full $38,463.82 in fees and

costs sought in Plaintiff's motion.

## II. <u>ANALYSIS</u>

**A.      Plaintiff Has Established the Requisite Degree of Success on the Merits to Warrant an Award of Attorney Fees and Costs Under ERISA.**

In its recent decision in *Hardt v. Reliance Standard Life Insurance Co.,* 560 U.S.

242, 130 S. Ct. 2149 (2010), the Supreme Court considered the standards that should

govern a court's decision whether to award attorney fees under § 1132(g)(1) of ERISA.[1]

As observed by the Court, this fee-shifting provision, unlike its counterparts in other

federal statutes, "does not limit the availability of attorney's fees to the 'prevailing

party.'" *Hardt,* 130 S. Ct. at 2157 (citations omitted).  In light of this absence of a

"prevailing party" requirement, the Court reasoned that Congress meant in § 1132(g)(1)

to "expand[] the class of parties eligible for fee awards from prevailing parties to *partially*

---

[1]This provision states:

> In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1).

2

*prevailing* parties — parties achieving *some success,* even if not major success."  130 S. Ct. at 2157 (internal quotation marks and citation omitted) (emphasis in original).  Thus, the Court concluded that "a fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)."  130 S. Ct. at 2158 (internal quotation marks and citation omitted).  The Court explained that "[a] claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue."  130 S. Ct. at 2158 (internal quotation marks, alterations, citation, and footnote omitted).

Applying this standard to the case before it, the Court found that the district court had "properly exercised its discretion" in granting plaintiff Bridget Hardt's request for attorney fees.  130 S. Ct. at 2159.  In so ruling, the Court rejected the argument of the defendant claims administrator, Reliance Standard Life Insurance Company, that Hardt had not achieved sufficient success before the district court because her motion for summary judgment had been denied, and the district court instead had ordered a remand to Reliance for further administrative proceedings on Hardt's claim for disability benefits:

> Reliance's argument misses the point, given the facts of this case. Hardt persuaded the District Court to find that the plan administrator ha[d] failed to comply with the ERISA guidelines and that Ms. Hardt did not get the kind of review to which she was entitled under applicable law. Although Hardt failed to win summary judgment on her benefits claim, the

District Court nevertheless found compelling evidence that Ms. Hardt [wa]s totally disabled due to her neuropathy, and stated that it was inclined to rule in Ms. Hardt's favor on her benefits claim, but declined to do so before first giving Reliance the chance to address the deficiencies in its statutorily mandated full and fair review of that claim. Hardt thus obtained a judicial order instructing Reliance to act on Ms. Hardt's application by adequately considering all the evidence within 30 days; otherwise judgment w[ould] be issued in favor of Ms. Hardt. After Reliance conducted that court-ordered review, and consistent with the District Court's appraisal, Reliance reversed its decision and awarded Hardt the benefits she sought.

These facts establish that Hardt has achieved far more than "trivial success on the merits" or a "purely procedural victory." Accordingly, she has achieved "some success on the merits," and the District Court properly exercised its discretion to award Hardt's attorney's fees in this case.

130 S. Ct. at 2158-59 (internal quotation marks and citations omitted). In light of this conclusion, the Court found it unnecessary to decide "whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney's fees under § 1132(g)(1)." 130 S. Ct. at 2159 (footnote omitted).

Turning to the present case, while the facts and circumstances presented here bear some similarity to those addressed by the Supreme Court in *Hardt,* they more squarely implicate the question reserved by the Court in that case — namely, whether an order remanding for further administrative proceedings, standing alone, qualifies as "some success on the merits" that would warrant an award of attorney fees under § 1132(g)(1). Here, as in *Hardt,* the Court found in its January 14, 2013 ruling that Plaintiff was "deprived of the opportunity for a full and fair review of his claim by the plan administrator," because the Defendant employer "arrogated to itself the authority to decide" whether Plaintiff was eligible for benefits under the Defendant plan and "refused

4

to permit Plaintiff to even apply" for these benefits, rather than allowing the claims administrator to address this "threshold question" of benefit eligibility in light of the terms of the plan. (1/14/2013 Op. at 15-16.) Yet, in contrast to the district court in *Hardt,* this Court did not express any inclination in its January 14 opinion to rule in Plaintiff's favor, but instead found the record somewhat mixed on the question whether Plaintiff qualified as an "employee" of the Defendant company under ERISA and the terms of the Defendant plan. (*See id.* at 11-15.) In addition, Plaintiff has not yet achieved the success upon administrative remand that the claimant did in *Hardt.*[2] Thus, it cannot be said that *Hardt* compels the conclusion that Plaintiff here has attained "some degree of success on the merits," such that an award of attorney fees would be warranted under § 1132(g)(1).

As Plaintiff correctly observes, however, the Sixth Circuit has indicated in a recent post-*Hardt* ruling that the degree of success achieved by Plaintiff here is sufficient to support an award of fees. In *McKay v. Reliance Standard Life Insurance Co.,* No. 10-5154, 428 F. App'x 537, 540 (6th Cir. June 27, 2011), plaintiff Paul McKay moved for

---

[2]In a supplemental submission dated June 21, 2013, Plaintiff suggests that he recently secured a favorable ruling from the claims administrator on his claim for long term disability benefits. As Defendants explain in response, however, the claim for which benefits have been awarded post-dates the commencement of this litigation, and rests on a time period (September 2012 to August 2013) during which all are agreed that Plaintiff qualifies as an employee of the Defendant corporation. The claim for disability benefits that gave rise to this suit, in contrast, concerns a time period in 2011, and the claims administrator has not yet made a decision whether to award benefits as to this claim. Under this record, it is misleading for Plaintiff to represent that the favorable decision recently issued by the claims administrator constitutes "further evidence of his 'success' on the merits of his claims in this case." (Plaintiff's 6/21/2013 Supplement at ¶ 4.)

attorney fees under § 1132(g)(1) after his claim for disability benefits was remanded to the defendant claims administrator, Reliance Standard Life Insurance Company, for further administrative proceedings.  In ordering this remand, the district court found that Reliance had "failed to clarify with [McKay's employer] which coverage provisions applied to McKay, amounting to a failure to investigate that was unreasonable and arbitrary."  *McKay,* 428 F. App'x at 540.  Upon remand, Reliance again denied McKay's claim for benefits, and the district court upheld this decision.

Despite this unfavorable outcome, the district court determined that McKay was entitled to an award of attorney fees, and the Sixth Circuit affirmed this decision, agreeing with the district court that even though McKay was "ultimately . . . ineligible for benefits, he has still seen success on the merits because his case was remanded for further consideration."  428 F. App'x at 546 (internal quotation marks omitted).  In so ruling, the Sixth Circuit rejected Reliance's contention that the Supreme Court's decision in *Hardt* militated against McKay's request for fees:

> Reliance is correct that the Court in *Hardt* did not give unlimited authority to courts to award fees under § 1132(g)(1).  Instead, it found that § 1132(g)(1) requires a claimant to show "[s]ome degree of success on the merits," and not merely a "trivial success on the merits" or a "purely procedural victory."  [*Hardt,* 130 S. Ct. at 2158] (citations and quotation marks omitted).  Here, the district court explicitly concluded that McKay's receipt of "another shot" at his claimed benefits was a "success on the merits because his case was remanded for further consideration"; in other words, McKay "achieved some degree of success" by achieving a remand.  Indeed, McKay was just like the *Hardt* claimant in that he "persuaded the District Court to find that the plan administrator . . . failed to comply with the ERISA guidelines" and that, as a result, he "did not get the kind of review to which [he] was entitled under the applicable law."  *Hardt,* 130 S.

Ct. at 2159 (internal citation and quotation marks omitted).  Reliance's
reliance on *Hardt* is misplaced; *Hardt* supports McKay's position.

*McKay,* 428 F. App'x at 546-47 (citation omitted) (last alteration in original).

Although *McKay* is unpublished, and therefore not binding, the Court nonetheless

views this decision as persuasive authority for an award of attorney fees here.  Just as in

*McKay* (and *Hardt)*, Plaintiff in this case has secured a remand for further administrative

proceedings by showing that he was denied the initial administrative review to which he

was entitled under ERISA and the terms of the Defendant plan.  Moreover, while the

claims administrator in *McKay* breached its duty of investigation by "fail[ing] to clarify

with [McKay's employer] which coverage provisions applied to McKay," *McKay,* 428 F.

App'x at 540, the Defendant employer in this case altogether bypassed the claims

investigation process by rejecting Plaintiff's claim for disability benefits at its very

inception, without allowing or calling upon the claims administrator to perform the

interpretive function entrusted to it under the Defendant plan.  Before commencing this

suit, Plaintiff had not received any consideration whatsoever of his entitlement to benefits

under the terms of the Defendant plan, because the Defendant employer had "arrogated to

itself the authority to decide this question of eligibility, and then refused to permit

Plaintiff to even apply for disability benefits under the Plan."  (1/14/2013 Op. at 15.)

Through the order of remand obtained as a result of this litigation and his summary

judgment motion, Plaintiff has now secured this opportunity to have his application for

benefits investigated and analyzed by the claims administrator in light of the terms of the

7

plan, and the Court is confident that this qualifies as "some degree of success on the merits" that could support an attorney fee award under § 1132(g)(1).

The decisions of this and other district courts in this Circuit lend further support to this conclusion.  In *Blajei v. Sedgwick Claims Management Services, Inc.,* No. 09-13232, 2010 WL 3855239, at *3 (E.D. Mich. Sept. 28, 2010), for example, the plaintiff was found to be was eligible for an award of attorney fees under § 1132(g)(1), in light of the court's rulings that the termination of the plaintiff's benefits was arbitrary and that she was "entitled to a fresh review of her claim" on administrative remand.  The court reasoned that "[b]ecause the administrative denial of Plaintiff's] [extended disability benefits] has been vacated, and because there is a substantial possibility that [these benefits] will be granted upon remand, it would be improper to conclude that Plaintiff achieved only a 'trivial success on the merits' or a 'purely procedural victory.'"  *Blajei,* 2010 WL 3855239, at *3 (citations omitted).  Although, as here, no decision had yet been made on the plaintiff's claim following the court-ordered administrative remand, the court explained that *Hardt* did not preclude an award of attorney fees under these circumstances, but instead had "expressly left this issue open" for the lower courts to consider on a case-by-case basis.  *Id.* at *4.

Similarly, in *Potter v. SABIC Innovative Plastics US, LLC,* No. 2:10-cv-696, 2011 WL 4852334, at *3 (S.D. Ohio Oct. 13, 2011), the court found that its order of remand for further administrative proceedings qualified as "some success on the merits," where the plaintiff "was able to persuade the Court that the plan administrator's decision was

8

arbitrary and capricious and that it should not be upheld under ERISA." Although the district court in *Potter,* unlike its counterpart in *Hardt,* did not express any view as to whether the plaintiff was likely to prevail upon administrative remand, the court observed that "following *Hardt* the Sixth Circuit has neither required such commentary from district courts for a finding that the plaintiff achieved some degree of success on the merits, nor has it required any indication that plaintiff will ultimately be awarded benefits." *Potter,* 2011 WL 4852334, at *3 (citing *McKay*); *see also Thies v. Life Insurance Co. of North America,* 839 F. Supp.2d 886, 890-91 (W.D. Ky. 2012) (construing *McKay* as holding that "a remand, alone, constitutes 'some success on the merits' that makes an award of attorney's fees and costs available under § 1132(g)(1)"). The court further explained that "unlike [in] *Hardt,* in this case there was simply not enough evidence in the record for the Court to develop an inclination one way or the other as to the factual issue" to be addressed upon remand, and that the defendant plan administrator's "failure to gather evidence needed to support its decision cannot serve to diminish the degree of success that [the plaintiff] achieved." *Potter,* 2011 WL 4852334, at *4.

As in *Blajei* and *Potter,* this Court finds that the administrative remand ordered in this case constitutes "some success on the merits," and thereby renders Plaintiff eligible for an attorney fee award under § 1132(g)(1). Regardless of whether a remand alone would establish the requisite degree of success on the merits, the Court concludes that the circumstances surrounding the order of remand here serve to satisfy the standard set forth

9

in *Hardt.*  Like the plaintiff in *Blajei,* 2010 WL 3855239, at *3, Plaintiff here has secured

a "fresh review" of a claim that the Defendant employer rejected out of hand upon its

initial submission, and the record establishes at least a "substantial possibility" that this

further review will result in an award of benefits.  Moreover, just as the court observed in

*Potter,* 2011 WL 4852334, at *4, the Court in this case agrees that the Defendant

employer's failure to even initiate the process for considering and investigating Plaintiff's

claim for disability benefits "cannot serve to diminish the degree of success that

[Plaintiff] achieved."  To the contrary, Plaintiff has secured an opportunity for a full and

fair review of his claim for benefits in accordance with the terms of the Defendant plan,

and the Court finds that this qualifies as a sufficient degree of success on the merits to

support an award of attorney fees and costs.

**B.    The Five-Factor *King* Test Supports Plaintiff's Request for Attorney Fees.**

Having determined that Plaintiff has satisfied the threshold *Hardt* standard of

eligibility for a fee award under § 1132(g)(1), the Court next turns to the five-factor test

adopted by the Sixth Circuit to guide a district court's exercise of its discretion in

determining whether such a fee award is appropriate in a given case.  *See Gaeth v.*

*Hartford Life Insurance Co.,* 538 F.3d 524, 529 (6th Cir. 2008) (citing the five factors

first set forth in the court's decision in *Secretary of Department of Labor v. King,* 775

F.2d 666, 669 (6th Cir. 1985)); *see also O'Callaghan v. SPX Corp.,* No. 10-1006, 442 F.

App'x 180, 186 (6th Cir. Sept. 26, 2011) (confirming that the *King* factors still should be

applied once a plaintiff has met the "threshold for eligibility" established in *Hardt*).

These factors include:

> (1) the degree of the opposing party's culpability or bad faith; (2) the
> opposing party's ability to satisfy an award of attorney's fees; (3) the
> deterrent effect of an award on other persons under similar circumstances;
> (4) whether the party requesting fees sought to confer a common benefit on
> all participants and beneficiaries of an ERISA plan or resolve significant
> legal questions regarding ERISA; and (5) the relative merits of the parties'
> positions.

*Gaeth,* 538 F.3d at 529 (internal quotation marks and citations omitted).  The Sixth

Circuit has emphasized that "[n]o single factor is determinative," and that "the district

court must consider each factor before exercising its discretion."  538 F.3d at 529

(internal quotation marks and citation omitted).

Turning first to Defendants' culpability or bad faith, the Court finds that this factor

strongly favors an award of fees in this case.  Although Defendants suggest that "this

Court's time has been wasted" and that both Plaintiff and Defendants have incurred

"unnecessary attorney fees" as a result of Plaintiff's purported failure to "exhaust[] the

administrative remedies available under the Plan" before bringing this suit, (Defendants'

Response Br. at 12), they point to nothing in the record that refutes Plaintiff's allegation

that the Defendant employer "refused to permit Plaintiff to even apply for disability

benefits under the Plan," (1/14/2013 Op. at 15).  To the contrary, the evidence presented

to the Court in connection with Plaintiff's summary judgment motion indicated that the

Defendant employer "arrogated to itself the authority to decide" whether Plaintiff

satisfied the Defendant plan's definition of an "employee," rather than forwarding this

question to the claims administrator for consideration and any necessary interpretation of

11

the plan — a duty reserved "sole[ly]" to the claims administrator under the express terms of the plan itself.  (*Id.*)  As a result, "no reasoned decision" was provided to Plaintiff for the denial of his claim for benefits, and the Court was compelled to remand the matter to "afford Plaintiff the opportunity for full consideration of his claim for benefits via the same channels that would have been available to him if his claim form had been promptly submitted to the claims administrator in the first instance."  (*Id.* at 16-17 (internal quotation marks and citation omitted).)  Against this evidentiary backdrop, the Court emphatically rejects the notion that Plaintiff may be charged with culpability or bad faith for having commenced this litigation.

In fact, the record reveals that it was the culpability or bad faith of the Defendant employer that necessitated Plaintiff's decision to bring this suit.  As demonstrated in the correspondence accompanying Plaintiff's present motion, Plaintiff and his counsel repeatedly sought information and documentation from the Defendant corporation regarding the disability plan offered to its employees, but the requested plan documents were not forthcoming until ***after*** Plaintiff commenced this litigation.  Although Defendants certainly are entitled to adopt and maintain the position that Plaintiff was not entitled to disability benefits under the plan offered by the Defendant employer to its employees, they can hardly fault Plaintiff for eschewing remedies that were unknown to him due to Defendants' failure or refusal to comply with a seemingly straightforward request for plan documents.  Moreover, to the extent that Defendants now fault Plaintiff for failing to stay this litigation and promptly pursue his administrative remedies upon

12

(eventually) receiving these documents, it bears emphasis that Defendants never argued in response to Plaintiff's underlying summary judgment motion (or at any other time prior to the Court's entry of its order of remand) that Plaintiff should first exhaust these remedies before seeking judicial review of the denial of his claim for benefits. Rather, Defendants instead insisted that the Defendant employer had correctly denied this claim, and that the Court should uphold this decision on the merits.[3] Under this record, the Court readily concludes that Defendants have exhibited a degree of culpability that supports an award of attorney fees. *See Shelby County Health Care Corp. v. Majestic Star Casino, LLC,* 581 F.3d 355, 377 (6th Cir. 2009) ("Where a plan administrator engages in an inadequate review of the beneficiary's claim . . . , we have found that attorney fees are appropriate.").

Next, regarding Defendants' ability to satisfy an award of attorney fees, Plaintiff asserts that the Defendant corporation is a "long-established . . . and successful real estate holding and management company with properties throughout the country," and that there consequently is no reason to doubt that this company "has the ability to satisfy an award of Plaintiff's attorney fees." (Plaintiff's Motion, Br. in Support at 14.) In response, Defendants fault Plaintiff for failing to produce any evidentiary support for this assertion.

---

[3]To be sure, no party to this litigation, whether Plaintiff or Defendants, advanced the position adopted in the Court's January 14, 2013 opinion and order — namely, that this matter must be remanded for further administrative proceedings in light of the parties' failure to seek and secure a decision by the claims administrator on a question of plan interpretation committed to its sole discretion. Yet, given that the Defendant employer is the designated administrator for the Defendant plan, it seems fair to hold this party more culpable for a failure to adhere to the plan's designated claim processing procedures, especially as compared to a party (Plaintiff) who did not even have access to the pertinent plan documents setting forth these procedures.

(Defendants' Response Br. at 12-13.)  Yet, as Plaintiff points out, Defendants clearly are

in a superior position to address this factor, and to state for the record that the Defendant

corporation would have difficulty satisfying an attorney fee award.  Tellingly, however,

Defendants make no such claim in their response to Plaintiff's motion.  This factor, then,

weighs in favor of a fee award.

The third *King* factor calls upon the Court to consider the deterrent effect of a fee

award "on other plan administrators facing similar circumstances."  *Gaeth,* 538 F.3d at

531.  As Plaintiff points out, an award of attorney fees in this case can be expected to

deter other plan administrators from "refusing to process a participant's application for

benefits," (Plaintiff's Motion, Br. in Support at 14), and ideally will encourage similarly-

situated plan administrators to adhere to the provisions of the plan governing the

processing of claims.  Plaintiff further suggests, and the Court again agrees, that a fee

award will serve to deter plan administrators from "refusing to provide plan documents on

request," (*id.*), where compliance with Plaintiff's request here might have avoided this

litigation and instead led the parties to handle Plaintiff's claim in accordance with the

terms of the Defendant plan.  While Defendants contend that the deterrent value of a fee

award in this case is reduced by virtue of the purportedly "uncommon" circumstance that

the Defendant corporation serves as the plan administrator for the insurance plans offered

by both this company and its affiliate, U.S. Suburban Building Services, Inc.,

(Defendants' Response Br. at 13), Defendants fail to suggest how any feature of this

arrangement created the acknowledged "difficulties" giving rise to this suit, (*id.*), or why

14

this dual role might somehow have led the Defendant corporation to disregard or overlook the plan provisions calling for the claims administrator, rather than Defendant, to determine eligibility for benefits and construe the terms of the plan. Accordingly, the Court finds that considerations of deterrence support Plaintiff's request for an award of attorney fees.

Next, the Court must consider whether Plaintiff sought "to obtain a common benefit for all of the participants in [the Defendant] plan." *Gaeth,* 538 F.3d at 533. Plaintiff concedes that he brought this suit solely on his own behalf, and he makes no effort to identify any similarly-situated plan participants or beneficiaries who might benefit from the rulings in this case. This factor, therefore, militates against an award of fees.

The fifth and final *King* factor calls for an assessment of the relative merits of the parties' positions. The Court finds that this factor tends to favor Plaintiff's request for fees, albeit only slightly. As noted earlier, neither side advanced the position ultimately adopted by the Court in its January 14, 2013 opinion and order. Plaintiff's summary judgment motion rested on the contention that he should be deemed as a matter of law to be an employee of the Defendant corporation who was eligible for disability benefits under the Defendant plan. Defendants brought no separate motion, but opposed Plaintiff's motion on the ground that, as a matter of law, Plaintiff did ***not*** meet the eligibility standard for benefits as an employee of the Defendant corporation. The Court rejected each of these arguments, and instead concluded that the question of Plaintiff's

15

eligibility for benefits should first be presented to the claims administrator in accordance with the claim-processing provisions of the Defendant plan. Although, as discussed above, the Court believes that Plaintiff achieved some degree of success on the merits as a result of this ruling, it cannot be said that Plaintiff has established a significant likelihood that he ultimately will prevail on the underlying, substantive issue of his entitlement to disability benefits under the Defendant plan. Rather, as observed in the Court's January 14 opinion, the record bearing on this question is mixed, (*see* 1/14/2013 Op. at 11-15), and the Court cannot predict with any confidence how the claims administrator might resolve this issue of Plaintiff's eligibility for benefits. Consequently, the Court views the relative merits of the parties' positions as somewhat of a toss-up, with this factor leaning in Plaintiff's favor in light his success in achieving a remand for further consideration of his claim.

In sum, three of the five *King* factors solidly or strongly favor an award of attorney fees to Plaintiff, and a fourth factor lends further (albeit modest) support to such an award. In contrast, only one of the *King* factors — the presence or absence of a common benefit to other plan participants and beneficiaries — militates against Plaintiff's request for fees, and the Court sees no basis for concluding that this factor should outweigh the others that favor a fee award. Accordingly, viewing the *King* factors in their totality, the Court finds that an award of attorney fees is appropriate under the circumstances presented here.

16

**C.      The Amount of Fees Sought in Plaintiff's Motion Is Somewhat Excessive, and Must Be Discounted to Reflect a Reasonable Fee Award in Light of the Success Achieved by Plaintiff and His Counsel.**

It remains only for the Court to determine the appropriate amount of a "reasonable" award of attorney fees and costs under § 1132(g)(1).  In exhibits accompanying the present motion, Plaintiff's counsel state that they billed their client at the hourly rate of $225 for the legal services provided in this case, with this rate representing a discount from counsel's usual hourly rate in light of "the nature of this case and Plaintiff's particular circumstances."  (Plaintiff's Motion, Ex. C, Pearce Aff. at ¶ 6.)  Counsel further state that they devoted 206.6 hours to this case through the Court's entry of its January 14, 2013 opinion and order, but that they discounted the fees charged to Plaintiff during "a number of months" of this litigation, again due to "Plaintiff's circumstances," with these discounts totaling $8,923.10.  (*Id.* at ¶¶ 7-8.)[4]  Finally, counsel state that they incurred $901.92 in costs.

In response, Defendants do not contend that the hourly rate sought by Plaintiff's counsel is excessive, nor do they lodge any specific objections to or identify any particular infirmities in the time records of Plaintiff's counsel disclosing the tasks they performed in this case and the hours devoted to these tasks.  Rather, Defendants argue only that an award of fees in this case should exclude any fees incurred after September 9,

---

[4]In light of these discounts, although a straightforward multiplication of number of hours (206.6) times hourly rate ($225) would result in a fee award of $46,485.00, Plaintiff and his counsel have requested a reduced fee award of $37,561.90.

2011, when Defendants finally complied with Plaintiff's several requests — some of which, as noted earlier, pre-dated this litigation — for copies of the pertinent plan documents. In Defendants' view, once Plaintiff and his counsel were given these documents, it should have been evident that Plaintiff needed to exhaust the administrative remedies disclosed in the plan documents, and Plaintiff should not have incurred the additional expense of continuing to pursue this litigation. Yet, the obvious rejoinder to this argument is that ***Defendants*** likewise failed to argue, at any point prior to their response to the present motion, that the proper course of action was to remand for the claims administrator to determine Plaintiff's eligibility for benefits in accordance with the terms of the plan. As discussed earlier, the Court finds that Defendants, rather than Plaintiff, bear the lion's share of the blame for prolonging this litigation.

Nonetheless, the Court believes that the fee award in this case should be discounted in light of the somewhat modest "degree of success obtained" by Plaintiff and his counsel. *Blajei,* 2010 WL 3855239, at *12 (citing this as "the most critical factor" in a district court's decision "whether to adjust a fee applicant's lodestar"). Here, as in *Blajei,* 2010 WL 3855239, at *12, "Plaintiff sought an award of [disability benefits] — not a remand to the Plan Administrator." In addition, the Court has already observed that Plaintiff faces uncertain prospects for success as a result of this administrative remand. In light of this limited achievement of an opportunity to pursue a claim for benefits, as opposed to success (or even likely success) in the ultimate outcome of this claim, the Court finds that it would not be appropriate to award Plaintiff the full amount of the

18

attorney fees incurred in this case, where a significant portion of counsel's efforts were directed at a result that has not yet been attained and might never be realized.  Instead, the Court will award Plaintiff sixty (60) percent of the fees sought in his motion, or $22,537.14, along with $901.92 in costs, for a total award of $23,439.06.

### III.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's February 8, 2013 motion for attorneys' fees and costs (docket #19) is GRANTED IN PART, in accordance with the rulings in the present opinion and order.  IT IS FURTHER ORDERED that Plaintiff is awarded **$22,537.14** in attorney fees and **$901.92** in costs, for a total award of **$23,439.06.**


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  July 17, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 17, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

19